# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK as subrogee of ADMAR PA LLC<br>301 E. Fourth Street<br>Cincinnati, OH 45202<br><br>Plaintiff<br><br>v.<br><br>ARCTIC SLOPE REGIONAL CORPORATION<br>3900 C Street, Suite 801<br>Anchorage, AK 99503<br><br>and<br><br>U.S. COATINGS, LLC<br>260 Baldwin Road<br>Satsuma, AL 36572<br><br>and<br><br>DONJON SHIPBUILDING AND REPAIR, LLC<br>220 E. Bayfront Parkway<br>Erie, PA 16507<br><br>Defendants | Civil Action No.: 20-42 Erie |

## COMPLAINT

Comes now, Great American Insurance Company of New York as subrogee of Admar PA LLC, by and through its counsel, and respectfully moves for judgment against Defendants, Arctic Slope Regional Corporation, U.S. Coatings, LLC, and Donjon Shipbuilding and Repairs, LLC and asserts the following:

## JURISDICTION

1. There is complete diversity of citizenship between Plaintiff and Defendants.

24119558v.1

2. The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. § 1332.

3. Jurisdiction is vested with this court under 28 U.S.C. § 1332.

## VENUE

4. Pursuant to 28 U.S.C. § 1391 et seq., venue is proper in the Western District of Pennsylvania because Plaintiff's subrogors leased equipment that was used by the Defendants in this District and the damage giving rise to this Complaint occurred in this District.

## PARTIES

5. Plaintiff, Great American Insurance Company of New York a/s/o Admar PA LLC (hereinafter "Plaintiff" or "Great American"), is an Ohio corporation with a principal place of business located at 301 East Fourth Street, Cincinnati, OH.

6. At all times relevant and material hereto, Great American was in the business of issuing, *inter alia*, property and inland marine policies of insurance and was authorized to issue said policies in the Commonwealth of Pennsylvania and State of New York.

7. At all times relevant and material hereto, Great American's subrogor, Admar PA LLC (hereinafter "Admar"), was in the business of selling and leasing construction equipment, including boom lifts in the Commonwealth of Pennsylvania.

8. At all relevant times hereto, Great American provided insurance to Admar, covering the construction equipment that they leased and sold pursuant to policy number: MAC 1594320 08 00.

9. Defendant, Arctic Slope Regional Corporation (hereinafter "Arctic Slope"), is a corporation duly organized under the laws of the State of Alaska with a principle place of business located at 3900 C Street, Suite 801, Anchorage, AK and, upon information and belief

24119558v.1

acquired Defendant, U.S. Coatings, LLC (hereinafter "U.S. Coatings") in approximately September of 2017.

10. Upon information and belief, U.S. Coatings is a limited liability company formed under the laws of the State of Alabama with its principle place of business at 260 Baldwin Road, Satsuma, AL and, at all times relevant hereto, was engaged in the business of tank cleaning, surface preparation and coating of marine vessels.

11. Upon information and belief, Donjon Shipbuilding and Repair, LLC (hereinafter "Donjon") is a limited liability company formed under the laws of the State of New Jersey with its principle place of business at 220 East Bayfront Parkway, Erie, PA and, at all times relevant hereto, was engaged in the business of shipbuilding, dry-docking, repair and maintenance of marine vessels.

## FACTS

12. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

13. In March of 2018, Donjon contacted Admar to inquire about leasing boom lifts to be used at their shipyard located at 220 East Bayfront Parkway, Erie, PA (hereinafter "Loss Location").

14. On or about April 9, 2018 Admar delivered eight (8) boom lifts to the Loss Location.

15. Upon information and belief, Donjon contracted with Arctic Slope and/or U.S. Coatings to perform, *inter alia*, sandblasting and painting the hulls of ships.

16. Arctic Slope and/or U.S. Coatings used the Admar boom lifts to complete their work at the Loss Location.

-3-

17. On or about April 23, 2018, following the use of the boom lifts by Arctic Slope and/or U.S. Coatings, Admar discovered that the boom lifts were irreparably damaged by the sandblasting and overspray used by the defendants during the completion of their work.

18. As a direct and proximate result of the damage to the boom lifts, Great American paid Admar $437,597.23 to replace the boom lifts, less salvage, and for loss of rental income.

19. Pursuant to its policy of insurance and the applicable law, Plaintiff is now subrogated to the rights of its insured, to the extent of the payments made, for the damage caused by Defendants' actions.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. DEFENDANTS

20. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

21. Arctic Slope, U.S. Coatings and Donjon (collectively "Defendants") owed Plaintiff's subrogor a duty of care to operate and use the boom lifts in accordance with the manufacturer's instructions, industry standards and in a safe and reasonable manner so as to not cause damage to them while in their care, custody and control.

22. Defendants, by and through their employees, agents, contractors, subcontractors, workmen, servants and/or representatives acting within the course and scope of their employment breached the duty owed to Plaintiff's subrogors in one or more of the following ways:

    (a)    failing to operate the boom lifts in accordance with the manufacturer's instructions;

    (b)    failing to protect the boom lifts from damage while they were in their care, custody and control;

24119558v.1

(c) failing to regularly change filters in the boom lifts to prevent them from damage;

(d) failing to follow instructions and warnings from Admar regarding the proper use, precautions and operation of the boom lifts while in their care, custody and control;

(e) failing to take reasonable precautions to protect the boom lifts from damage;

(f) failing to cover the boom lifts to protect them from sandblasting and/or overspray;

(g) failing to regularly inspect, clean and maintain the boom lifts; and

(h) failing to use due care in other ways that may be disclosed in discovery.

23. As the direct and proximate result of Defendants' acts and/or omissions, Admar sustained damage and destruction to their boom lifts, along with other incidental and consequential damages totaling $437,597.23.

24. Pursuant to its policy of insurance with Admar, Great American paid its insured $437,597.23 in damages. Great American is now subrogated to the rights of its insured and seeks reimbursement for the damages paid from Defendants.

**WHEREFORE**, for the foregoing reasons, Plaintiff, Great American Insurance Company of New York a/s/o Admar PA LLC respectfully requests that judgment be entered in its favor and against Defendants, Arctic Slope Regional Corporation, U.S. Coating, LLC and Donjon Shipbuilding and Repair, LLC in the amount of $437,597.23, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

### COUNT II – BREACH OF CONTRACT
### PLAINTIFF v. DONJON SHIPBUILDING AND REPAIR, LLC

25. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

26. Donjon contracted with Admar to lease eight (8) boom lifts.

27. On or about April 9, 2018 Admar delivered the boom lifts to the Loss Location.

28. Pursuant to the express and/or implied terms of its contract with Donjon, Donjon was responsible for operating the boom lifts in a safe and reasonable manner and to protect the boom lifts from damage, outside of normal wear-and-tear, while in their care, custody and control.

29. At all times relevant hereto, Admar fulfilled its contractual obligations to Donjon.

30. Donjon, by and through its agents, servants, subagents, subcontractors, employees and/or representatives, breached its obligations under the agreement when the boom lifts were irreparably damaged while in their care, custody and control.

31. As the direct and proximate result of Donjon's breach of contract, Admar sustained damage and destruction to its boom lifts, along with other incidental and consequential damages totaling $437,597.23.

32. Pursuant to its policy of insurance with Admar, Great American paid its insured $437,597.23 in damages. Great American is now subrogated to the rights of its insured and seeks reimbursement for the damages paid from Defendant.

**WHEREFORE**, for the foregoing reasons, Plaintiff, Great American Insurance Company of New York a/s/o Admar PA LLC respectfully requests that judgment be entered in its favor and against Defendant, Donjon Shipbuilding and Repair, LLC in the amount of $437,597.23, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

Respectfully submitted,

*[signature: J. Benjamin Staherski]*

J. Benjamin Staherski, Esquire
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
P: (215) 864.7020
F: (215) 399-9612
staherskib@whiteandwilliams.com
*Attorneys for Plaintiff*

Dated: February 19, 2020